UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 DEC 20 AM 11: 10

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| ROBERT E. SHAPIRO,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES SOCIAL SECURITY<br>ADMINISTRATION,<br>Defendant. | Docket No. 2:19-CV-238 |

# COMPLAINT

NOW COMES the Plaintiff, Robert E. Shapiro, by and through his attorneys, Langrock Sperry & Wool, LLP, and complains against the defendant, the United States Social Security Administration, as follows:

## NATURE OF ACTION

1. Plaintiff Robert E. Shapiro ("Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On October 5, 2018, Plaintiff sought records from the United States Social Security Administration ("Defendant") pertaining to Defendant's assessment, evaluation, and decisions regarding inclusion or exclusion of a proposed listing for impairments due to migraine and other headache disorders in Defendant's Listing of Impairments (Blue Book). Defendant submitted an untimely response, acknowledged and responded to only a fraction of the language in Plaintiff's Request, produced three total documents, improperly withheld more than a thousand pages of documents, and improperly charged Plaintiff $2,908. Plaintiff timely filed an administrative appeal. Defendant has violated FOIA by failing to respond to Plaintiff's appeal within the statutorily prescribed time limit, improperly withholding the requested records, and

1

improperly charging him $2,908. Plaintiff now asks the Court to order Defendant to respond to the request, disclose all responsive records improperly withheld from Plaintiff, and reimburse Plaintiff for the improper fee it charged him.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), and because it involves a federal question under 28 U.S.C. § 1331.

3.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.  Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5.  Plaintiff Dr. Robert E. Shapiro, MD, PhD is an individual residing in Chittenden County, Vermont. He is a member of the American Board of Psychiatry and Neurology, specializing in Neurology, and is the founding president of the Alliance for Headache Disorders Advocacy, AHDA, a national organization under IRC § 501(c)(6) advocating on behalf of the public interests of Americans with disabling headache disorders. He is currently a Professor of Neurological Sciences at the Larner College of Medicine at the University of Vermont.

6.  Defendant the United States Social Security Administration is an independent federal agency that administers retirement, disability, and survivors benefits. Defendant's headquarters are located at Woodlawn, Maryland.

## STATUTORY FRAMEWORK

7.  FOIA promotes open government by providing every person with a right to request and promptly receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

8.  In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

9.  An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

10. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

11. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

12. An agency may charge "reasonable standard charges for document search, duplication, and review, when records are requested for commercial use." 5 U.S.C. §552(a)(4)(ii)(I).

13. Such fees may be waived or reduced when an agency fails to comply with the statutory timeframe (5 U.S.C. § 552(a)(4)(A)(viii)), the "records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research," (5 U.S.C. § 552(a)(4)(A)(ii)(II)), or the "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

14. Once a requester receives an agency's determination, it has 90 days to file an administrative appeal.

15. An agency who receives an appeal shall make a determination with respect to any such appeal within twenty days after receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

16. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

## FACTS

17. On October 5, 2018, Plaintiff submitted his document request to Defendant through foiaonline.gov/foiaonline/action/public/request. (Referred to hereinafter as "the Request"). The Request sought, in relevant part, "all documents, regardless of age, pertaining to SSA assessment, evaluation, and decision regarding inclusion or exclusion of a proposed listing for impairments due to migraine and other headache disorders in the SSA Listing of Impairments (Blue Book)." *See* Exhibit 1 (at Exhibit C) for the full Request. Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

18. Plaintiff received an email that same day confirming his submission. Exhibit 1 (at Exhibit C).

19. The statutory deadline for Defendant to respond to the Request was on or around November 2, 2018.

20. Plaintiff next heard from Defendant on May 30, 2019 when it sent Plaintiff, by electronic mail, a letter dated May 29, 2019 informing him about the "unusual circumstances"

of his Request and specifying that the estimated cost for the records was $2,908. *See* Exhibit 1 (at Exhibit B).

21. On June 6, 2019, Defendant emailed Plaintiff and acknowledged his payment of $2,908, though Plaintiff was not charged until August 12, 2019. *See* Exhibit 1 (at Exhibit D).

22. On July 26, 2019, Defendant sent Plaintiff its untimely response to the Request. *See* Exhibit 1 (at Exhibit A). In its response, Defendant responded to only two thirds of the language in the Request, and selectively ignored the remainder of the Request. Defendant produced two memoranda and 20 C.F.R. Part 404 Revised Medical Criteria for Evaluating Neurological Disorders on the Federal Register's website. *Id.* Defendant withheld 1,377 pages of responsive documents, including the attachments to one of the memoranda it produced. *Id.* Defendant's Response informed Plaintiff that if he disagreed with Defendant's decision, he could file a written appeal within 90 days of the date of Defendant's response to his initial Request. *Id.*

23. On August 23, 2019, Plaintiff submitted a timely administrative appeal by electronic mail to Defendant. *See* Exhibits 1, 2. Plaintiff appealed several issues, including the improper withholding of agency records and the fee that Defendant charged Plaintiff for responding to the Request. On August 23, 2019, Plaintiff received an electronic mail receipt indicating that the administrative appeal had been delivered to Defendant and a second electronic mail receipt indicating that Defendant had read the administrative appeal. *See* Exhibits 3, 4. On August 27, 2019, Plaintiff received notification from Defendant by electronic mail confirming that Plaintiff's administrative appeal had been submitted for review by Defendant. *See* Exhibit 5.

5

24. The 20 business day statutory deadline for Defendant to make a determination after receipt of an administrative appeal passed on or around September 23, 2019.

25. As of the filing of this Complaint, Defendant has not made a determination on Plaintiff's administrative appeal.

26. Where, as here, Defendant has failed to comply with the statutory timeframe, Plaintiff has exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C).

27. Plaintiff has a legal right to the requested records, including the 1,377 pages Defendant has withheld.

28. Plaintiff is requesting the records in pursuit of, and in continuation of, Plaintiff's scholarly research on migraine disability.

29. Further, disclosure of the requested records is in the public interest because it will further the public's understanding of Defendant's evaluation of migraine and headache disorders claims and impairments for purposes of qualifying for Social Security benefits.

30. Under FOIA, Plaintiff is also entitled to reimbursement of the $2,908 fee that he paid Defendant.

## STATEMENT OF CLAIMS

### Count I: Failure to Respond to Request Within Statutory Timeframe

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-30 as if repeated and incorporated herein.

32. Defendant failed to respond to Plaintiff's administrative appeal within the statutorily mandated timeframe, in violation of Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. §§ 552(a)(6)(A)(i) and (6)(B).

## Count II: Failure to Produce Responsive Records

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-32 as if repeated and incorporated herein.

34. Defendant failed to make reasonable efforts to search for records responsive to the Request, in violation of Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

35. Defendant failed to disclose and produce records responsive to the Request, in violation of Plaintiff's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3(A).

36. Defendant responded to only a fraction of the language in Plaintiff's Request and failed to disclose and produce all records responsive to the Request without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

37. Plaintiff is entitled to his reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## Count III: Defendant Improperly Denied or Has Not Responded to Plaintiff's Request for a Fee Waiver or Reduction

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-37 as if repeated and incorporated herein.

39. Defendant has not responded to or has constructively denied Plaintiff's request for a fee waiver or reduction.

40. Plaintiff has exhausted his administrative remedies with respect to a fee waiver or reduction from Defendant.

41. Defendant has violated Plaintiff's right to a fee waiver or reduction under FOIA, 5 U.S.C. §§ 552(a)(4)(A)(viii), (a)(4)(A)(ii)(II), and/or (a)(4)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Find that Defendant's failure to timely respond to Plaintiff's administrative appeal and produce all responsive documents was unlawful;

B. Order Defendant to search for and promptly disclose all records responsive to Plaintiff's Request;

C. Reimburse Plaintiff the $2,908 of fees he was charged;

D. Award Plaintiff attorneys' fees and costs; and

E. Grant such other relief as the Court may deem just and proper.

DATED at Burlington, Vermont this 20th day of December, 2019.

LANGROCK SPERRY & WOOL, LLP

Emily J. Joselson
Justin G. Sherman
PO Box 721, 210 College Street
Burlington, VT 05402
ejoselson@langrock.com
jsherman@langrock.com
Phone: 802-864-0217

*Attorneys for Plaintiff Robert E. Shapiro*

1019217.1

