UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ROBERT E. SHAPIRO, )
 )
Plaintiff, )
 )
v. ) Case No. 2:19-cv-000238
 )
UNITED STATES SOCIAL SECURITY )
ADMINISTRATION, )
 )
Defendant. )

ENTRY ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
REASONABLE ATTORNEYS' FEES AND COSTS
(Doc. 37)

Plaintiff Robert E. Shapiro brings this suit pursuant to the Freedom of Information Act ("FOIA") against the United States Social Security Administration ("SSA"), arising from its alleged failure to adequately respond to his FOIA request. Pending before the court is Plaintiff's motion for reasonable attorneys' fees and costs, (Doc. 37), which SSA opposes (Doc. 38). Plaintiff seeks an award of $20,525.50 in attorneys' fees and $3,352.50 in costs.

Plaintiff is represented by Emily J. Joselson, Esq. and Justin G. Sherman, Esq. Assistant United States Attorney Jason M. Turner represents SSA.

I.   **Procedural Background.**

On March 8, 2021, the court issued an Opinion and Order granting in part and denying in part SSA's motion to dismiss or, in the alternative, for summary judgment. The court found that SSA waived its exhaustion defense by failing to timely respond to Plaintiff's FOIA request. The court also granted Plaintiff's motion for a refund of $2,908.00 in fees he paid to SSA because the court found SSA's failure to timely respond to Plaintiff's FOIA request precluded it from charging a fee. The court nonetheless held that Plaintiff's FOIA request was unreasonably broad and burdensome and granted

summary judgment in favor of SSA on that issue.

The court deferred judgment on Plaintiff's request for attorneys' fees and costs, stating: "Defendant offered Plaintiff no explanation as to why the withheld documents were supported by FOIA exemptions and offers no explanation to this court. Until it does so, the court cannot evaluate whether its first response to Plaintiff's FOIA request wrongfully withheld responsive documents." (Doc. 25 at 18.) The court ordered SSA to provide an explanation for its initial withholding of responsive documents pursuant to Exemptions 5 and 6. SSA complied with this Order and submitted descriptions of the withheld documents and the bases for withholding supported by an affidavit.

On December 10, 2021, the court issued an Opinion and Order finding that SSA's initial withholding of responsive documents was justified under Exemption 5. Plaintiff succeeded in obtaining a refund of his FOIA fees and a detailed explanation for SSA's withholdings of responsive documents. The court found Plaintiff had "substantially prevailed" for the purposes of attorneys' fees under the Supreme Court's "generous formulation of the term" whereby "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation marks and citations omitted).

Because the court found that Plaintiff's interests in bringing the FOIA request were "scholarly and sought to improve access to benefits for people with disabilities[,]" and because SSA had engaged in "obdurate behavior[,]" the court held that "a partial award of reasonable attorney's fees and costs to Plaintiff is warranted." (Doc. 36 at 15-16) (internal quotation marks and citations omitted). The court ordered Plaintiff to "submit a statement of reasonable attorney's fees and costs incurred in this case, supported by an affidavit," and "identify the fees and costs expended on the issues on which he prevailed." *Id.* at 17. On January 10, 2022, Plaintiff submitted a response. SSA filed its opposition on January 24, 2022, and Plaintiff replied on February 7, 2022.

II. **Conclusions of Law and Analysis.**

FOIA provides that "[t]he court may assess against the United States reasonable

attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). In its December 10, 2021 Opinion and Order, the court determined Plaintiff had substantially prevailed on several issues and was entitled to a partial award of fees. "[A] court determines whether the fee requested by an eligible and entitled applicant is 'presumptively reasonable' under the lodestar approach generally applied to fee applications in the Second Circuit." *N.Y. Times Co. v. C.I.A.*, 251 F. Supp. 3d 710, 713 (S.D.N.Y. 2017).

The "presumptively reasonable fee" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case[.]" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) (internal quotation marks omitted); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). The presumption of reasonableness is "strong[,]" and the presumptively reasonable fee can be adjusted only in "rare and exceptional circumstances." *Perdue*, 559 U.S. at 552 (internal quotation marks and citations omitted). "[T]he fee applicant bears the burden of establishing entitlement to an award[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Because fee-shifting statutes provide little incentive to negotiate rates prior to litigation, the court "bears the burden of disciplining the market" and setting a "reasonable hourly rate" for the services of counsel. *Arbor Hill*, 522 F.3d. at 184. "The reasonable hourly rate is the rate a paying client would be willing to pay[,] . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. The "touchstone" of fee-shifting statutes is "that district courts should award fees just high enough to attract competent counsel." *Simmons v. N.Y. City Transit Auth.y*, 575 F.3d 170, 176 (2d Cir. 2009) (internal quotation marks, emphasis, and citations omitted); *accord Perdue*, 559 U.S. at 552 ("[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case.").

In determining the reasonable hourly rate, the court must consider case-specific

3

variables, including:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184. Other relevant case-specific variables include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also id.* at 190 ("In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors[.]"). The court may "rely in part on the judge's own knowledge of private firm hourly rates in the community[.]" *Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Plaintiff seeks hourly rates of $185 for Attorney Sherman, an associate at Langrock Sperry & Wool, LLP ("Langrock"), and $270 for Attorney Joselson, a partner at Langrock. In connection with the pending motion, Plaintiff proffered the affidavit of Attorney Sherman, wherein he averred that these were the customary hourly rates charged by Langrock at the commencement of its representation of Plaintiff in 2019. "The SSA does not object to the hourly rates proposed by Plaintiff[,]" (Doc. 38 at 3), and this District recently found hourly rates of $225 for Attorney Sherman and $350 for Attorney Joselson to be reasonable. *See* Order on Amount of Attorneys Fee at 4, *Sullivan*

*v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-cv-125 (D. Vt. May 10, 2021), ECF No. 446. Considering the nature, complexity, and desirability of the case; the skills required; the experience of counsel; awards in other cases in Vermont; and the court's own assessment of market rates in Vermont, the court holds that the reasonable hourly rates for Attorney Sherman and Attorney Joselson in this case are $185 and $270, respectively.

In determining a reasonable number of hours, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (internal quotation marks and citation omitted) (emphasis in original). Plaintiff requests fees for 108.95 hours, representing 104.60 hours billed by Attorney Sherman and 4.35 hours billed by Attorney Joselson. Plaintiff has explained how the hours were attributed to the various phases of this case—pleading (14.3 hours), summary judgment (50.75 hours), exemptions (26.8 hours), and attorneys' fees (17.1 hours)—but has not provided contemporaneous billing records or task-related expenditures. There is thus no way of discerning whether the hours expended were reasonable or are attributable to issues on which Plaintiff prevailed.

While SSA "concede[s] that the total amount of hours spent on the litigation by Plaintiff's counsel does not appear unreasonable[,]" (Doc. 38 at 3), this determination cannot be made without an independent review of the billing records. Because no billing records were submitted and Plaintiff achieved only limited success, SSA asks that Plaintiff's requested fees be reduced between fifty and seventy percent.

A fees claimant is responsible for "documenting the appropriate hours expended" as well as "maintain[ing] billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Id.* at 437 n.12. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

The reasonable number of hours must also reflect the degree of success obtained.

"[I]n cases where plaintiffs have not achieved complete success[,]" the "most critical factor is the degree of success obtained." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989) (internal quotation marks and citations omitted). Attorney Sherman avers that Langrock excluded 7.35 hours "as not being related to their success and the benefits obtained[,]" (Doc. 37-2 at 3, ¶ 16), but Plaintiff otherwise requests an award representing all hours counsel expended at each stage of litigation because "Plaintiff had to prevail at . . . [each] stage before the next phase of the case, and so all the hours expended should be counted." (Doc. 37-1 at 8.) As SSA points out, this fails to comply with the court's December 10, 2021 Opinion and Order which required Plaintiff to "identify the fees and costs expended on the issues on which he prevailed." (Doc. 36 at 17.)

To account for Plaintiff's partial success, the court may "exercise [its] equitable discretion . . . to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *Texas State Tchrs. Ass'n*, 489 U.S. at 789-90 (citation omitted). Because the billing records lack the specificity necessary to identify specific hours to be eliminated, the court must adopt the latter approach. The court agrees with SSA that a reduction of fifty percent is required based upon Plaintiff's limited success and failure to achieve his ultimate objective in this suit—production of the responsive withheld records. As the court noted:

> Plaintiff did not prevail on the central issue of his case, obtaining the release of the requested records or establishing that SSA wrongfully withheld them. However[,] . . . Plaintiff established that SSA's response to his document request was untimely and unsupported by adequate explanation. He sought and obtained a judicial order requiring SSA to refund his FOIA fees. In addition, the court's order required defendant to undertake an action—to explain the reasons for its withholdings—and imposed a date certain for when that action must be completed.

(Doc. 36 at 14) (internal quotation marks and citations omitted).

In light of the Plaintiff's limited success and inadequate documentation of hours, the requested hours will be reduced across the board by fifty percent. *See Hardy v.*

*Bureau of Alcohol, Tobacco, Firearms & Explosives*, 293 F. Supp. 3d 17, 31 (D.D.C. 2017) (reducing fee award by fifty percent in FOIA case to account for limited success of plaintiff in securing release of only three out of sixty requested documents and eliminating specific excessive hours for a total reduction of approximately sixty percent). Plaintiff was provided an opportunity to justify a higher award by identifying specific hours but waived it through noncompliance with the court's order. The reasonable number of hours is thus 54.475 hours, representing 52.3 hours for Attorney Sherman and 2.175 hours for Attorney Joselson.

As the calculation set forth below shows, the presumptively reasonable fee is therefore $10,262.75. No "rare and exceptional circumstances" justify an adjustment to the presumptively reasonable fee in this case. *Perdue*, 559 U.S. at 552-53 (internal quotation marks and citations omitted).

|  | Hours Request | Rate Request | Fee Request | Reasonable Hours | Reasonable Rate | Reasonable Fee |
|---|---|---|---|---|---|---|
| Attorney Sherman | 104.60 | $185.00 | $19,351.00 | 52.3 | $185.00 | $9,675.50 |
| Attorney Joselson | 4.35 | $270.00 | $1,174.50 | 2.175 | $270.00 | $587.25 |
| Totals | 108.95 |  | $20,525.50 | 54.475 |  | **$10,262.75** |

Plaintiff also requests $3,352.50 in costs, consisting of $400.00 in filing fees, $44.50 in postage, and $2,908.00 in reimbursement for FOIA fees paid to the SSA. Defendant does not oppose Plaintiff's request for filing fees or postage, which are supported by Attorney Sherman's affidavit and are recoverable as "other litigation costs" under 5 U.S.C. § 552(a)(4)(E)(i). *See Kuzma v. I.R.S.*, 821 F.2d 930, 933 (2d Cir. 1987) (holding taxable costs under 28 U.S.C. § 1920 as well as "photocopying, postage, covers, exhibits, typing, transportation and parking fees" may be awarded under 5 U.S.C. § 552(a)(4)(E)(i)). FOIA fees, however, are not a litigation cost.

7

Plaintiff is nonetheless entitled to a refund of his FOIA fees because the court granted Plaintiff's cross motion for summary judgment for a refund. (Doc. 25 at 17.) While SSA "maintains that . . . Plaintiff is not entitled to a fee waiver[,]" (Doc. 38 at 7), the court declines to revisit its decision on this point.

The court therefore GRANTS IN PART Plaintiff's motion for attorneys' fees and costs (Doc. 37) and awards $10,262.75 in attorneys' fees and $444.50 in costs. It DENIES the motion as to the remaining requested amounts.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys' fees and costs (Doc. 37). Consistent with the court's March 8, 2021 Opinion and Order, December 10, 2021 Opinion and Order, and this Entry Order, judgment shall be entered in part for SSA and in part for Plaintiff and Plaintiff shall be awarded the amount of $10,262.75 in attorneys' fees, $444.50 in costs, and $2,908.00 as a refund for FOIA fees paid by Plaintiff to SSA.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of March, 2022.

Christina Reiss, District Judge
United States District Court